UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELA ROBERSON and
DAVID ROBERSON,

        Plaintiffs,

vs.                                              Case No. 3:09-cv-372-J-34MCR

MORGAN CHURCH,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for Compulsory Physical Examination of Plaintiff (Doc. 26) filed November 11, 2009.

**I.     BACKGROUND**

In March 2009, Plaintiffs, Angela Roberson and David Roberson, initiated a cause of action against Defendant, Morgan Church, in Florida Circuit Court for the Fourth Judicial Circuit. (Doc. 1). On April 23, 2009, their case was removed to this Court on the basis of diversity jurisdiction. Id. A Case Management and Scheduling Order was entered which included, *inter alia*, an October 15, 2009 deadline for the disclosure of expert reports and a December 2, 2009 deadline for the completion of pre-trial discovery. (Doc. 10).

According to Plaintiffs, on October 15, 2009, Defendant served her Expert Witness Disclosures upon Plaintiffs identifying William Triggs, M.D. as her only expert witness, but failing to otherwise comply with the requirements of Federal Rule of Civil

-1-

Procedure 26.[1]  (Doc. 24, p. 2).  Plaintiffs contend that instead of disclosing Dr. Triggs' opinions, Defendant responded by stating that Dr. Triggs has not yet formed any opinions but would do so after future physical examination of the plaintiff.  Id.

On November 2, 2009, Defendant moved, pursuant to Federal Rule of Civil Procedure 35, for an Order requiring Plaintiff, Angela Roberson, to submit to a neurological examination conducted by Dr. Triggs on January 15, 2010.  (Doc. 26). Plaintiffs filed their Response to said Motion on October 28, 2009,[2] asserting Defendant failed to comply with deadlines contained in the Case Management and Scheduling Order as well as the requirements of Federal Rules of Civil Procedure 26 and 35.  (Doc. 24).  Accordingly, this matter is ripe for judicial determination.

## II. ANALYSIS

Federal Rule of Civil Procedure 35(a) authorizes compelled medical examination of a party where his or her mental or physical condition is "in controversy," upon motion addressed to the court.  If the examination is allowed, Rule 35(b) mandates delivery of a detailed written report of the examiner's findings upon request of the party against whom the order was made under Rule 35(a).

---

[1] According to Federal Rule of Civil Procedure 26(a)(2)(B), an expert's written report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

[2] The Court notes Defendant executed and served the instant Motion upon opposing counsel on October 16, 2009.  (Doc. 24-1).  However, it was not actually filed with this Court until November 2, 2009.  (Doc. 26).  Therefore, Plaintiffs filed their response prior to Defendant filing her Motion. (Docs. 24-1; 26).

Although Federal Rule of Civil Procedure 35 itself does not prescribe a time limit for the filing of a motion for physical or mental examinations of persons, this rule must be read in conjunction with Federal Rule of Civil Procedure 26(a)(2), which governs expert witness disclosures. Lamour v. Applied Credit Sys., 2003 U.S. Dist. LEXIS 27430, at *4, 2003 WL 25537162, at * 2 (S.D. Fla. 2003). Rule 26(a)(2), provides that a witness "who is retained or specially employed to provide expert testimony in the case" is required to provide a report "at the times and in the sequence directed by the Court." Therefore, a Rule 35 request - which by its terms necessarily generates an expert report - needs to be timed in compliance with the deadlines prescribed by the Court. See Id.

Here, Defendant seeks an Order requiring Plaintiff, Angela Roberson, to submit to a neurological examination conducted by Dr. Triggs on January 15, 2010. However, Defendant fails to recognize that January 15, 2010 is well beyond both the deadline for the disclosure of expert reports and the deadline for the completion of pre-trial discovery. See (Doc. 10). The case management and scheduling order is the first consideration in terms of applying deadlines, and adherence to the order is very important to the settled expectations of the parties and the court. Minnard v. Rotech Healthcare Inc., 2008 U.S. Dist. LEXIS 6149, at *7-8, 2008 WL 150502, at *3 (E.D. Cal. 2008). Therefore, the Court will not address whether the requirements of Federal Rule of Civil Procedure 35 have been met as it is unable to grant Defendant's Motion at this time.[3]

---

[3]The district court is required to issue a scheduling order. Fed. R. Civ. P. 16(b)(1). Required in that order is a limit on the "time to join other parties, amend the pleadings, complete
(continued...)

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion for Compulsory Physical Examination of Plaintiff (Doc. 26) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of November, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

³(...continued)
discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The schedule may be modified, "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Also, "when an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998), (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the (good cause) inquiry should end." Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). At this time, Defendant has neither moved for nor established "good cause" to extend the deadlines set in the instant case.