UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELA ROBERSON and
DAVID ROBERSON,

          Plaintiff,

vs.                                            Case No. 3:09-cv-372-J-34MCR

MORGAN CHURCH,

          Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Extend Time for Discovery Cutoff, Expert Compliance, and Rule 35 Examination (Doc. 32), filed December 3, 2009.

**I.    BACKGROUND**

In March 2009, Plaintiffs, Angela Roberson and David Roberson, initiated a cause of action against Defendant, Morgan Church, in Florida Circuit Court for the Fourth Judicial Circuit. (Doc. 1). On April 23, 2009, their case was removed to this Court on the basis of diversity jurisdiction. Id. A Case Management and Scheduling Order was entered which included, *inter alia*, an October 15, 2009 deadline for the disclosure of expert reports and a December 2, 2009 deadline for the completion of pre-trial discovery (Doc. 10).

On November 2, 2009, Defendant moved, pursuant to Federal Rule of Civil Procedure 35, for an Order requiring Plaintiff, Angela Roberson, to submit to a

neurological examination conducted by William Triggs, M.D. on January 15, 2010 (Doc. 26). This Court denied Defendant's Motion without prejudice because the scheduled examination was well beyond both the deadline for disclosure of expert reports[1] and pre-trial discovery (Doc. 31).

On December 3, 2009, Defendant filed the instant Motion to Extend Time for Discovery Cutoff, Expert Compliance, and Rule 35 Examination (Doc. 32). On December 11, 2009, Plaintiffs filed their response (Doc. 34). Accordingly, this matter is ripe for judicial determination.

## II.  ANALYSIS

Under Rule 6(b), Federal Rules of Civil Procedure, the Court may extend a deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In the instant case, Defendant filed her Motion over one month after the deadline for disclosure of expert reports and one day after the deadline for pre-trial discovery. (Doc. 32). As a result, the Court will grant the requested extension only if Plaintiff's failure to make expert disclosures was the result of excusable neglect. See Maixner v. United States, 2007 U.S. Dist. LEXIS 91983, at *5 (M.D. Fla. 2007).

---

[1]According to Plaintiffs, on October 15, 2009, Defendant served her Expert Witness Disclosures identifying Dr. Triggs as her only expert witness, but failing to otherwise comply with the requirements of Federal Rule of Civil Procedure 26. (Doc. 24, p. 2); see Fed. R. Civ. P. 26(a)(2)(B) (An expert's written report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case").

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (internal quotation marks and footnotes omitted). The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's ommission." Id. at 395 (determining meaning of term "excusable neglect" in context of bankruptcy rule). The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoting Pioneer Inv. Servs. Co.) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Id.

In the case at bar, an extension poses little danger of prejudice to Plaintiffs. The Court will account for Plaintiffs to receive sufficient time before trial to study any expert reports Defendant presents as well as conduct any necessary depositions. The Court cannot discern, and Plaintiffs have not argued, any other prejudice beyond delay in general. The Court recognizes that the delay in this case has been lengthy, therefore; it will take steps to minimize its adverse impact on the judicial proceedings. Specifically, the Court instructs Defendant that it will not grant any more extensions.

In conducting an evaluation of all the relevant circumstances, the Court concludes that Defendant's failure to act within the deadlines provided by the Case Management and Scheduling Order was the result of excusable neglect. Thus, the Court extends the deadlines in this case.[2]

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Motion to Extend Time for Discovery Cutoff, Expert Compliance, and Rule 35 Examination (Doc. 32) is **GRANTED in part and DENIED in part.**

2. Defendant must serve her expert disclosures and reports in full compliance with Rule 26(a)(2) no later than **January 22, 2010.** No further extensions will be granted.

3. All discovery must be completed no later than **February 26, 2010.**

4. Any dispositive motions must be filed no later than **March 26, 2010.**

5. In all other respects, Defendant's Motion to Extend Time for Discovery Cutoff, Expert Compliance, and Rule 35 Examination (Doc. 32) is denied.

---

[2]The Court is not ruling on whether Plaintiff shall submit to a physical examination pursuant to Federal Rue of Civil Procedure 35, as that is not the relief sought in the instant Motion. See (Doc. 32, pp. 1, 6); see also Schlagenhauf v. Holder, 379 U.S. 104-06 (1964) (A court can only order a Plaintiff to undergo a physical or mental examination pursuant to Federal Rule of Civil Procedure 35(a) when that plaintiff's physical or mental condition is shown to be "in controversy" and there is "good cause" for the examination. Further, the movant must provide "notice ... and shall specify the time, place, manner, conditions, and scope for the examination.).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th   day of December, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party