UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELA ROBERSON and
DAVID ROBERSON,

        Plaintiffs,

vs.                                                       Case No. 3:09-cv-372-J-34MCR

MORGAN CHURCH,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Renewed Motion for Physical Examination of Plaintiff (Doc. 37) filed December 16, 2009. Plaintiffs filed their response on December 23, 2009 (Doc. 43). Accordingly, this matter is ripe for judicial determination.

**I.**     **BACKGROUND**

Plaintiffs, Angela Roberson and David Roberson, brought the above-styled cause of action seeking to recover damages for physical injuries allegedly sustained as a result of Defendant's negligence. (Doc. 2). Defendant moves to compel Plaintiff, Angela Roberson, to submit to a neurological examination conducted by Dr. William Triggs, M.D, at the offices of Riley Reporters, Suite 2100, 76 S. Laura Street, Jacksonville, FL 32202, on January 15, 2010, at 11:00 a.m. (Doc. 37, ¶ 3). The conditions and scope of said examination include the taking of a medical history and a physical examination routinely performed by neurologists in the community. Id. Plaintiff

-1-

contends Defendant's Motion fails to meet the requirements of Federal Rule of Civil Procedure 35.[1] (Doc. 43).

## II. ANALYSIS

Federal Rule of Civil Procedure 35 provides, in relevant part:

(a)(1) In General. The court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. ...

(2) Motion and Notice; Contents of the Order.

> The order:
>
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

It is well established that this rule requires the court to determine whether the matter for which the medical examination is sought is "in controversy" and whether "good cause" for the requested examination exists -- inquiries that are "necessarily related." See Schlagenhauf v. Holder, 379 U.S. 104, 118-19, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). These standards are more restrictive than the broad scope of discovery set forth by Federal Rule of Civil Procedure 26, and the burden falls on the party moving for the independent medical examination to demonstrate their satisfaction. See id. at 117-19.

---

[1] "A neurological examination is akin to a physical examination for Rule 35 purposes." Trenary v. Busch Entm't Corp., 2006 U.S. Dist. LEXIS 83661, 2006 WL 3333621 (M.D. Fla. 2006).

The "in controversy" and "good cause" requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id. at 118-19. However, despite these requirements, limited situations exist where the pleadings alone may suffice to show that the matters for which the examination are sought are "in controversy," and there is "good cause" to conduct the examination. Id.; see also Wrangen v. Pa. Lumbermans Mut. Ins. Co., 2009 U.S. Dist. LEXIS 20931, 2009 WL 151715 (S.D. Fla. 2009). In this regard, the Supreme Court has recognized that the pleadings in a negligence action where the plaintiff asserts mental or physical injury place that mental or physical injury "clearly in controversy and provide[] the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id.

Here, Plaintiff alleges to have sustained personal injuries as a result of Defendant's negligence.[2] Therefore, the nature and extent of those injuries are clearly "in controversy". See Id.; Trenary v. Busch Entm't Corp., 2006 U.S. Dist. LEXIS 83661,

---

[2] Plaintiff brought the above-styled action against Defendant seeking damages for physical injuries allegedly sustained as a result of Defendant's negligence. (Doc. 2). Specifically, Plaintiff seeks damages for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money and aggravation of previously existing condition; said injury or disease consists in whole or in part of a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement." Id. at ¶ 5. According to Defendant, Plaintiff sought treatment for her injuries from at least one neurologist. (Doc. 37, ¶ 1).

2006 WL 3333621 (M.D. Fla. 2006).  Accordingly, the Court finds good cause exists for Plaintiff to submit to a neurological examination pursuant to Rule 35.

Additionally, Federal Rule of Civil Procedure 35 requires that a court ordering a physical or mental examination "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(B).  In the instant case, Defendant requests Plaintiff submit to a neurological examination conducted by Dr. William Triggs, M.D, at the offices of Riley Reporters, Suite 2100, 76 S. Laura Street, Jacksonville, FL 32202, on January 15, 2010, at 11:00 a.m.  Plaintiff's response to Defendant's Motion does not specify an alternative place and time for conducting the examination.  Therefore, considering the impending Case Management and Scheduling Order deadlines (Docs. 10, 35, 41), the Court will allow the place and time suggested by Defendant, unless the parties otherwise mutually agree.

However, Defendant's request fails to sufficiently delineate the scope of the examination.  As Plaintiff correctly pointed out, "sweeping examinations ... are not to be automatically ordered merely because the person has been involved in an accident."  (Doc. 43, p. 4); see also Schlagenhauf, 379 U.S. 121.  Therefore, the Court will limit the scope of the examination to "a neurological examination of all areas Plaintiff claims to have injured as a result of the accident alleged in the Complaint."[3]

---

[3] To satisfy the purposes of Rule 35(a), the court may in its discretion enter appropriate protective orders or special conditions pursuant to Fed. R. Civ. P. 26(c).  Calderon v. Reederei Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 525 (S.D. Fla. 2009).  The party seeking such conditions bears the burden of demonstrating good cause for those conditions.  Id.; see also Bethel
(continued...)

**III.    CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED:**

1.    Defendant's Renewed Motion to for Physical Examination of Plaintiff (Doc. 37) is **GRANTED in part and DENIED in part.**

2.    Plaintiff, Angela Roberson, shall submit to a neurological examination conducted by Dr. William Triggs, M.D, at the offices of Riley Reporters, Suite 2100, 76 S. Laura Street, Jacksonville, FL 32202, on January 15, 2010, at 11:00 a.m.[4], unless the parties otherwise mutually agree.

3.    The neurological examination will be limited to those areas which Plaintiff claims to have injured as a result of the accident alleged in the Complaint.  The examination will include the routine procedures for such an examination.

4.    The granting of this Order shall not serve as  the basis for seeking a continuance of any dates previously established by this Court or the District Court in this matter.

---

[3](...continued)
v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 324 (N.D. Ga. 2000) ("It is the burden of the party seeking the special conditions to establish their existence.").  At this time, Plaintiff has not moved this Court for a protective order or to impose any special conditions.

[4]According to the Motion, Plaintiff is to arrive fifteen (15) minutes prior to the examination.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  29th  day of December, 2009.

        *Monte C. Richardson*
        MONTE C. RICHARDSON
        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record