UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELA ROBERSON and
DAVID ROBERSON,

        Plaintiffs,

vs.                                              Case No. 3:09-cv-372-J-34MCR

MORGAN CHURCH,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 40) filed December 17, 2009. Defendant seeks an Order compelling Plaintiff, Angela Roberson, to sign a release authorizing Defendant to obtain records from the Veteran's Administration. On December 23, 2009, Plaintiff filed a response pointing out that the dispute between the parties is "merely one of the breadth of the authorization" and "could have been amicably resolved by the parties had they conferred on the issue" prior to Defendant filing the instant motion.[1] (Doc. 42, ¶¶ 1, 2). Therefore, the Court will deny the motion without prejudice.

The Court directs counsel for Defendant to confer with counsel for Plaintiff in a good faith attempt to resolve this issue and if the attorneys are unable to do so, Defendant shall file a renewed motion to compel no later than **Wednesday, January 6,**

---

[1]It appears counsel for Defendant failed to fully comply with either Rule 37, Fed. R. Civ. P. or Local Rule 3.01(g) which require a movant to confer with opposing counsel in an attempt to resolve the discovery dispute prior to seeking Court involvement.

-1-

**2010**. The Court sincerely hopes the attorneys will be able to resolve this type of discovery dispute without Court intervention.[2]

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 40) is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  29th  day of December, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2]The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar with and comply with all applicable rules of this Court.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention."  Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).